UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED BY MAIL
SEP 20 2024
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SHENG-WEN CHENG, individually and on behalf of a class of all others similarly situated,

    Plaintiffs,

vs.

JARED RARDIN, in his official capacity as Warden of FMC Rochester, ETHAN DERR, in his official capacity as Facility Manager of FMC Rochester, and CHAD ORUM, in his official capacity as Case Manager Coordinator of FMC Rochester,

    Defendants.

DECLARATORY AND INJUNCTIVE CLASS ACTION COMPLAINT

NO.   24-cv-3712 (KMM/DLM)

HON.



SCANNED
SEP 20 2024 LT
U.S. DISTRICT COURT MPLS

## PRELIMINARY STATEMENT

1. This is a federal question class action in which named Plaintiff, Sheng-Wen Cheng, on behalf of himself and a class of similarly situated individuals, seek relief for Defendants Jared Rardin, Ethan Derr, and Chad Orum's (together "all Defendants") violation of their right, privileges, and immunities, secured by the Fourth, Fifth, and Eighth Amendment to the U.S. Constitution, and violation of the non-delegation doctrine of Article II of the U.S. Constitution.

2. All Defendants have implemented, enforced, encouraged, and sanctioned policies, practices, and/or customs of targeting mass shakedown, targeting group punishment, and forcement of drinking toxic water, against all prisoners at 2-2 unit of Federal Medical Center Rochester ("FMC Rochester").

1

3. All Defendants' described herein policies, practices, and/or customs violate the Fourth, Fifth, and Eighth Amendment to the U.S. Constitution, the non-delegation doctrine of the U.S. Constitution, and have caused irreparable injuries to the named Plaintiff and the Plaintiff class.

4. As a direct and proximate result of all Defendants' described herein policies, practices, and/or customs, around two-hundred plaintiff class members are subject to unconstitutional actions made by all Defendants.

5. The named Plaintiff seeks to represent the Plaintiff class, for the purpose of obtaining declaratory and injunctive relief. The named Plaintiff seeks a class-wide judgement declaring that the policies, practices, and/or customs described herein violate the Fourth, Fifth, and Eighth Amendment, and the non-delegation doctrine of the Constitution; seeks a class-wide injunction enjoining all Defendants from continuing such policies, practices, and/or customs, and seeks any other relief that this Court deems to be equitable and just.

## JURISDICTION

6. This Court has jurisdiction under 28U.S.C.1331 and 1346.

7. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28U.S.C.2201, 2202, 2283, and 2284, and Rule 65 of the Federal Rules of Civil Procedure.

## VENUE

8. Venue is proper under 28U.S.C.1391(e)(1)(B).

## PARTIES

9. Plaintiff Sheng-Wen Cheng, is an individual and a federal prisoner currently incarcerated at FMC Rochester, who is subjecting to the policies, practices, and/or customs described herein.

10. Defendant Jared Rardin, is the Warden of FMC Rochester, and is responsible for implementing the policies, practices, and/or customs described herein.

11. Defendant Ethan Derr, is the Facility Manager of FMC Rochester, and is responsible for allowing toxic water to be drank at FMC Rochester.

12. Defendant Chaf Orum, is the Case Manager Coordinator of FMC Rochester, and encourages the policies, practices, and/or customs described herein.

## CLASS ACTION ALLEGATIONS

13. Pursuant to Rule 23(a),(b)(1), and (b)(2) of the Federal Rules of Civil Procedure, the named Plaintiff seeks to represent all federal prisoners currently reside and will reside at unit 2-2 of FMC Rochester, who are and will suffer from the policies, practices, and/or customs described herein implemented by all Defendants ("2-2 class").

3

14. The 2-2 class are suffering and will continue to suffer from all Defendants' policies, practices, and/or customs of targeting group punishment, targeting mass shakedowns, and forcement of drinking toxic water, which violates the due process and equal protection clause of the Fifth Amendment, the unreasonable search and seizure prohibition of the Fourth Amendment, and the cruel and unusual punishment prohibition of the Eighth Amendment, and the non-delegation doctrine of Article II.

15. The members of the 2-2 class are so numerous as to render joinder impracticable. Based on information made publicly avaliable, there are currently around 200 federal prisoners residing at unit 2-2 of FMC Rochester.

16. In additions, joinder is impracticable because, on information and belief, many members of the 2-2 class are not aware of the facts that their rights have been violated, and that they have the right to seek redress in court. Many members of the 2-2 class are without the means to retain an attorney to represent them in a civil lawsuit. Moreover, many 2-2 class members who have been victimized by all Defendants' unconstitutional efforts do not bring individual claims for fear of retaliation and reprisals by all Defendants.

17. Also, joinder is impracticable because, on information and belief, many 2-2 class members do not understand English and law; thus, there is no appropriate avenue for the protection of the 2-2 class members' rights other than a class action.

18. The 2-2 class members share a number of questions of law or fact in common, including but not limited to:

4

a) whether all Defendants continue to engage in a policy, practice, and/or custom of targeting mass shakedown, which violates the unreasonable search and seizure prohibition of the Fourth Amendment to the U.S. Constitution;

b) whether all Defendants continue to engage in a policy, practice, and/or custom of targeting group punishment, which violate the due process and equal protection clause of the Fifth Amendment to the U.S. Constitution;

c) whether all Defendants continue to engage in a policy, practice, and/or custom of forcement of drinking toxic water, which violates the cruel and unusual punishment prohibition of the Eighth Amendment to the U.S. Constitution; and

d) whether all Defendants continue to engage in policies, practices, and/or customs of targeting mass shakedown and targeting group punishment, which violate the non-delegation doctrine of Article II of the U.S. Constitution.

19. The named Plaintiff's claims are typical of those of the members of the 2-2 class. Like the other members of the 2-2 class, the named Plaintiff has been a victim of all Defendants' policies, practices, and/or customs described herein.

20. The legal theories under which the named Plaintiff seeks declaratory and injunctive relief are the same or similar to those on which all members of the 2-2 class will rely, and the injuries suffered by the named Plaintiff are typical of the harms suffered by all 2-2 class members.

21. The named Plaitniff has a strong personal interests in the outcome of this action, has no conflict of interests with members of the 2-2 class. The named Plaintiff is a federal prisoner currently resides at unit 2-2 of FMC Rochester, currently suffering from the policies, practices, and/or customs described herein, and will remain suffer irreparable injuries caused by all Defendants' actions.

5

22. The named Plaintiff will file for an appointment of a class counsel, to have an experienced civil counsel who has litigated a wide range of class action lawsuit, and has the resources, expertise, and experiences to prosecute this action. Meanwhile, the named Plaintiff will continue to reach out to counsels.

23. The 2-2 class should be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, because all Defendants have acted on grounds applicable to all 2-2 class members, thereby making class wide declaratory and injunctive relief appropriate.

## FACTS

24. Between June 15, 2024 and July 15, 2024, all Defendants engaged in four targeting mass shakedown of 2-2 unit wihtout any explanation given.

25. Subsequently, on August 8, 2024, all Defendants allegedly found a contraband in the common area of unit 2-2, and therefore enforce a group punishment of turning off television, hot water, and music for an unlimited length of time, and a forcement of drinking toxic water to all 2-2 class members.

26. Afterward, again, on August 15, 2024, all Defendants allegedly found another contraband in the common area of unit 2-2, and therefore enforce another group punishment of reducing commissary limit to $25 a month to all 2-2 class members.

6

27. Then, on August 16, 2024, without any explanation given or having any contraband found, all Defendants enforce another group punishment of prohibiting certain recreation activities to all 2-2 class members.

28. Finally, the same date, August 16, 2024, all Defendants threatened all 2-2 class members with reduced phone minutes and no email access as next group punishment.

29. All Defendants engage in the above-described policies, practices, and/or customs against all 2-2 class members, because the majority of the 2-2 class members are minority and non-U.S. citizens, and the majority of the 2-2 class members refuse to cooperate with the government.

30. All Defendants engage in the above-described policies, practices, and/or customs against all 2-2 class members wihtout any opportunity given to them to contest the decisions made by all Defendants.

31. On information and belief, all Defendants never found the contraband that they allegedly found, instead, they planted the contraband as exucses to enforce the above-described policies, practices, and/or customs to all 2-2 class members.

32. On information and belief, all Defendants encourage all 2-2 class members to snitch on or fight with each other, and therefore all Defendants can transfer all 2-2 class members to other prisons.

33. On information and belief, all Defendants have made racist and derogatory remarks to the majority of 2-2 class members.

7

## COUNT I

## VIOLATION OF FOURTH AMENDMENT

(Against All Defendants)

34. Incorporate paragraphs 1 to 33.

35. All Defendants knew that they do not have valid reasons to conduct mass shakedown at 2-2 unit four times between June 15, 2024 and July 15, 2024.

36. All Defendants knew that their mass shakedown is a pure harrasment to the named Plaintiff and all 2-2 class members.

37. All Defendants knew the constant mass shakedown targeting the named Plaintiff and 2-2 class members is unreasonable search.

38. Accordingly, all Defendants' constant mass shakedown targeting the named Plaintiff and 2-2 class memerbs violate their unreasonable search and seizure prohibition right under the Fourth Amendment.

## COUNT II

## VIOLATION OF EQUAL PROTECTION

(Against All Defendants)

39. Incorporate paragraphs 1 to 33.

40. All Defendants have implemented, enforced, encouraged, and sanctioned the above-described policies, practices, and/or customs of targeting group punishment toward all 2-2 class members, without the equal protection treatment required by the Fifth Amendment, and discriminate them because the majority of them are minority and non-

8

U.S. Citizens.

41. All Defendants have implemented, enforced, encouraged, and sanctioned the above-described policies, practices, and/or customs of targeting group punishment toward all 2-2 class members, without the equal protection treatment required by the Fifth Amendment, and discriminate them because the majority of them refuse to cooperate with the government.

42. The other unit of the same work cadre building -2-1 unit- also has contrabd in the unit; however, 2-1 unit does not suffer the above-described policies, practices, and/or customs of targeting group punishment from all Defendants, because the majority of prisoners at 2-1 unit are white and cooperated with the government.

43. Accordingly, this racial and retaliative profiling against the named Plaintiff and members of the 2-2 class by all Defendants violate the equal protection right of the Fifth Amendment.

## COUNT III

### VIOLATION OF DUE PROCESS
(Against All Defendants)

44. Incorporate paragraphs 1 to 33.

45. The named Plaintiff and the 2-2 class members have a due process guarantee to have an opportunity to be heard, before any of the right or privilege be deprived.

46. Nevertheless, all Defendants have implemented, enforced, and

9

sanctioned the above-described policies, practices, and/or customs of targeting group punishment, without the opportunity to be heard or to contest the deprivation/punishment.

47. All Defendants' actions are a gross abuse of government authorities, and it shokcs the conscience, as all Defendants supposed to safeguard all the rights guaranteed by the U.S. Constitution.

48. Accordingly, all Defendants' above-described policies, practices, and/or customs violate the Due Process Right of the Fifth Amendment.

## COUNT IV

### VIOLATION OF EIGHTH AMENDMENT

49. Incorporate paragraphs 1. to 33.

50. All Defendants knew that there is a high amount of lead in the water system of FMC Rochester that are harmsful to the human body.

51. Nevertheless, all Defendants intentionally disregard the health of all 2-2 class members, and implemented a policy, practice, and/or custom of forcing 2-2 class members to drink toxic water by turning the hot water off.

52. Accordingly, this intentional and reckless disregard to the health of the named Plaintiff and all 2-2 class members by all Defendants constitute cruel and unusual punishment that violates the Eighth Amendment.

## COUNT V

## VIOLATION OF NON-DELEGATION DOCTRINE

(Against All Defendants)

53. Incorporate paragraphs 1 to 33.

54. Congress did not authorize all Defendants to implement the above-described polices, practices, and/or customs to discriminate and retaliate prisoners.

55. Congress did not provide any intelligent principle to all Defendants to implement above-described policies, practices, and/or customs to discipline prisoners.

56. Accordingly, all Defendants' above-described policies, practices, and/or customs described-above violate the non-delegation doctrine of Article II of U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff and 2-2 class members respectfully request that this Court will:

   a) Issue an order certifying this action as a class action, pursuant to Rule 23(a),(b)(1), and (b)(2) of the Federal Rules of Civil Procedure in the manner described herein, with Plaintiff Sheng-Wen Cheng as the class representative;

   b) Issue a class-wide judgement declaring that all Defendnats have violated the Fourth, Fifth, and Eighth Amendment rights of the named Plaintiff and members of all 2-2 class member;

c) Issue a class-wide judgement declaring that all Defendants' above-described polices, practices, and/or customs violate the non-delegation doctrine of Article II of U.S. Constitution;

d) Issue an order for the following injunctive relief:

   i) enjoining all Defendants from continuing the policies, practices, and/or customs of targeting mass shakedowns, targeting group punishment, and forcement of drinking toxic water;

   ii) requiring all Defendants to monitor their improved conducts with appropriate adequate supervisions; and

   iii) requiring all Defendants to periodically and regularly review and update the improvide conducts to determine whether the improved conducts have comported with Constitutional requirements; and

e) Award such other and further relief as this Court deems to be equitable and just.

Dated: Rochester, Minnesota
17th of September, 2024

Respectfully Submitted,

Sheng-Wen Cheng
No. 05261-509
Federal Medical Center
PMB 4000
Rochester, MN, 55903

12